DECISION
PER CURIAM.
This matter came before the full Court for oral argument on December 12, 2009. Heard before Associate Justices Dennis Funmaker, Joan Greendeer-Lee and Chief Justice Mary Jo Hunter. Alysia E. La-Counte appeared for the Appellants and Mark L. Goodman appeared for the Appel-lee.
FACTS
Appellee Karen Litscher filed a Petition for Administrative Review of Grievance Review Board (GRB) Decision on November 18, 2008. The Trial Court reversed and remanded the agency decision due to a supervisorial failure to afford Litscher meaningful and minimal pre-deprivation procedural due process. On May 4, 2009, the lower court held that the termination at issue was arbitrary and capricious. The Court remanded the case to the GRB “to issue for an (sic) award of actual wages lost from the date of termination until her date of hire with her current employer, calculated by her hourly wage of $11.64 at the time of her termination on December I, 2007 as mitigated by petitioner’s subsequent employment.” (Trial Court Order pp. 19-20)
The GRB filed an appeal on July 1, 2009. The appeal was timely filed.
The Appellee Karen Litscher was employed as a lifeguard at the Ho-Chunk Nation’s House of Wellness until December 1, 2006 when she was terminated for misconduct. The Appellee filed an employee grievance which was heard before the Ho-Chunk Nation Grievance Review Board (GRB) on November 20, 2007. The GRB granted her relief in part and denied her relief in part. The GRB awarded her monetary damages of $3,500.00. The GRB denied her request for reinstatement and for the expunging of negative references from her personnel file. The Trial Court reversed and remanded this decision to the GRB. On remand, the GRB reversed its decision to award Ms. Litscher the amount of $3,500.00. She appealed that decision to the Trial Court. On appeal, the Trial Court issued the May 4, 2009 Order (Reversal and Remand) which is now before this Court.
STANDARD OF REVIEW
The standard of review applied by this Court in reviewing a Trial Court Order of an administrative review is articulated in Sharon Williams v. HCN Insurance Review Commission, SU08-01, 2008 WL 9878250 (HCN S.Ct., Oct. 29, 2008). This Court has held that an abuse of discretion standard applies.
*383 ISSUES ON APPEAL[2]
I. The Trial Court abused its discretion in ordering the GRB to make an award in excess of the $10,000.00 cap set forth in the Employee Relations Act (ERA).
II. The Trial Court abused its discretion in overturning the GRB’s decision that a minimal due process violation did not merit an award of damages when no law exists indicating that compensation is mandated.
III. The Trial Court abused its discretion in making factual findings as to the method of calculating damages to be awarded.
IV. The Trial Court abused its discretion by failing to set forth the law upon which it based its award calculation of damages and the administrative record evidence.
V. The Trial Court abused its discretion by finding the GRB’s decision was arbitrary and capricious and against the substantial weight of the evidence and fails to cite to any information within the Administrative Record which supports its evi-dentiary determination.
DISCUSSION
I.

The Trial Court abused its discretion, in ordering the GRB to make an award, that violated the ERA.

The ERA states that the Ho-Chunk Nation’s “limited waiver of sovereign immunity allows the Trial Court to award monetary damages for actual wages established by the employee in an amount not to exceed $10,000.” 6 HCC Sec 5., Chap. V, 35 Judicial Review.
The Trial Court ordered on remand that the GRB “to issue for an award of actual wages lost from the date of termination until her date of hire with her current employer, calculated by her hourly wage of $11.64 at the time of her termination on December 1, 2006 up to the time of her hearing before the GRB on November 20, 2007.” CV 08-80 Order (Reverse & Remand), May 4, 2009. Although the parties did not provide the actual calculation of the amount, it is obvious that the amount ordered at the rate of pay is over the limit of $10,000.00. A rough calculation of that rate pay for that time period of about 51 weeks totals approximately $23,580.00. The ERA prohibits an award beyond $10,000.00. The Trial Court erred in ruling in a manner that is violation of the ERA. The GRB was following the law of the ERA in not awarding an amount in excess of the limit. Based upon that error, the Trial Court’s decision is reversed.
II

The Trial Court abused its discretion in overturning the GRB’s decision tha,t a minimal due process violation did not merit an a,ward of damages when no law exists indicating that compensation is mandated.

The GRB’s award of $3,500.00 was found to be arbitrary and capricious by the Trial court in an earlier Order (Partial Affirmance and Remand) filed on September 22, 2008. That Order ruled that the award was to be reconsidered by the GRB on remand. Id. at CV 07-99-100, lines 19-24, p. 19 of 20. The matter was remanded to the GRB.
*384 In accordance with that ruling, the GRB overturned and withdrew the award of $3,500.00, because the GRB could not relate the amount to any specific claim. Decision, GRB333.06T (GRB, Nov. 3, 2008) at 4, lines 3-7. The Trial Court substituted its own view and opined that “the GRB fails to understand its own authority under the ERA toward monetary damages.” CV 08-80, Order (Reversal & Remand) p. 18, lines 12-13. The Trial Court went on to characterize the GRB’s Decision on remand as a failure to afford the petitioner her due process rights. Yet, the earlier Trial Court Order had stated that “the GRB shall articulate the nature and scope of the due process violations, and the basis for the award of the damages in the decision.” Id. at p. 19, lines 23-24. When the GRB holds that the award should be withdrawn, presumably due to an inability to articulate the violations, the Trial Court substitutes its own view of what should have occurred by the GRB and makes a de novo review in violation of the ERA.
The GRB’s decision cannot be both arbitrary and capricious for making the award as well as for withdrawing it! The GRB was following the Trial Court’s directive that the GRB is not authorized by the HCN Legislature to address constitutional issues. The Trial Court erred in its review of the GRB decision to withdraw the award. The Trial Court’s Order is reversed.
III.

The Trial Court abused its discretion in making factual findings as to the method of calculating damages to be awarded.

The ERA expressly states that “the Trial Court shall not exercise de novo review of Board decisions.” 6 HCC sec. 5.35e. Despite the clear language of the ERA, the Trial Court sought to revise the GRB decision based on the Trial Court’s interpretation of the facts and evidence. By substituting the Trial court’s view for that of the GRB, the Trial Court is conducting a de novo review. The Trial Court’s Order is reversed.
IV.

The Trial Court abused its discretion by failing to set forth the law upon which it based its award calculation of damages and the administrative record evidence.

Because this Court is reversing the Trial Court’s Order on other grounds, this issue was not reached.
V.

The Trial Court abused its discretion by finding the GRB’s decision was arbitrary and capricious and against the substantial weight of the evidence and fails to cite to any information within the Administrative Record which supports its eviden-tiary determination.

Because the Court is reversing the Trial Court’s Order on other grounds, this issue is not being addressed.
CONCLUSION
The Trial Court Order (Reversal and Remand) dated May 4, 2009 is reversed. The Decision of the GRB issued on November 3, 2009 stands.
EGI HESKEKJET.

. Issues stated by the appellant on the Notice of Intent to appeal filed July 1, 2009.